ORIGINAL

ENTERED
CLERK, U.S. DISTRICT COURT
ENTERED
JUL - 6 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

CLERK, U.S. DISTRICT COURT
JUL - 5 2001
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority  X
Send  X
Enter  X
Closed
JS-5/JS-6  X
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELS ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEAC COMPUTER CORPORATION LTD., ET AL., <br><br> Defendants. | CV 01-05302 LGB (Mcx) <br><br> ORDER REMANDING CASE TO STATE COURT |

## I.  INTRODUCTION

Plaintiff, Cels Enterprises, Inc., brings this action against Defendants, Geac Computer Corporation Ltd., Geac Enterprise Solutions, and Does 1-100. Defendants removed this case from the Superior Court of the State of California for the County of Los Angeles to this Court on the basis of diversity jurisdiction.

## II.  FACTUAL BACKGROUND

Plaintiff alleges that in or about early 1999, Defendants offered to sell and deliver a computer system to Plaintiff. See Compl. at 3, ¶ 9. Defendants allegedly represented that the

✓ Docketed
✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
-- JS - 2 / JS - 3
CLSD

5

1 | system was tested and operative, and had been sold to many other

2 | satisfied customers. See id. at 3, ¶ 10. Plaintiff also alleges

3 | that Defendants knew that these representations were false, and

4 | were made with the intent to deceive and defraud Plaintiff. See

5 | id. at 3, ¶ 13. Allegedly relying on Defendants' statements,

6 | Plaintiff purchased the computer system for over $400,000. See

7 | id. at 3, ¶ 10.

8 |     Plaintiff alleges that the computer system has not worked

9 | since its installation. See id. at 1, ¶ 1. Plaintiff further

10 | alleges that after contacting Defendants to request compensation,

11 | Defendants retaliated by threatening one of Plaintiff's employees

12 | with a agreement not to compete. See id.

13 |     Plaintiff brings this action for common law fraud and

14 | deceit, common law unlawful and unfair business practices, and

15 | declaratory relief that Defendants' covenant not to compete is

16 | unenforceable.

17 |     Plaintiff seeks damages in excess of $28.3 million, a

18 | declaration that Defendants' covenant not to compete is

19 | unenforceable, costs, and attorneys' fees.

20 | **III. PROCEDURAL BACKGROUND**

21 |     Plaintiff filed this action in the Superior Court of the

22 | State of California for the County of Los Angeles on May 8, 2001.

23 | See Compl. at 1. Defendants claim to have first received copies

24 | of the complaint on May 27, 2001. See Defs.' Not. Of Removal at

25 | 2. Defendants filed a Notice of Removal on June 14, 2001. See id.

26 | at 1. Defendants now remove the action to this Court under 28

27 | U.S.C. § 1441(b), asserting that this Court has original

28 | jurisdiction based on diversity jurisdiction under 28 U.S.C. §

- 2 -

1 | 1332. See id. at 1.

2 | **IV.  ANALYSIS**

3 |     All defendants served in a state court action must join the

4 | Notice of Removal in order for removal to be proper. See Hewitt

5 | v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986) ("[a]ll

6 | defendants must join in a removal petition with the exception of

7 | nominal parties"); see also Salveson v. Western States Bankcard

8 | Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) ("a party not served

9 | need not be joined"). Furthermore, inclusion of "Doe" defendants

10 | in a state court complaint has no effect on removability, as only

11 | named defendants are considered. See Newcombe v. Adolf Coors Co.,

12 | 157 F.3d 686, 690-691 (9th Cir. 1998). A strong presumption

13 | exists against removal, and removal jurisdiction will be rejected

14 | "if there is any doubt as to the right of removal in the first

15 | instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

16 |     Here, only Defendant Geac Computer Corporation has filed the

17 | instant Notice of Removal. See Def.'s Not. of Removal at 1. The

18 | first line of Defendant's Notice of Removal states "that

19 | Defendant GEAC COMPUTER CORPORATION LTD. hereby removes to this

20 | Court the state court action described below." Id. The Notice of

21 | Removal does not claim that Defendant Geac Enterprise Solutions

22 | has joined in the Notice. See id. Since two places of

23 | incorporation have been alleged for Defendants Geac Computer

24 | Corporation and Geac Enterprise Solutions, Defendants appear to

25 | be separate entities with separate legal rights. See id. at 2.

26 | Furthermore, only Defendant Geac Computer Corporation is listed

27 | as represented by the attorneys filing this Notice of Removal.

28 | See id. at 1. Therefore, since all defendants must join the

1  Notice of Removal and because Defendant Geac Enterprise Solutions

2  has not joined, removal is improper.

3  **IV.   CONCLUSION**

4       Accordingly, this case is REMANDED to the Superior Court of

5  the State of California for the County of Los Angeles.

6

7

8

9

10

11 **IT IS SO ORDERED.**

12 DATED: _July 5, 2001_                    _____

13                                          LOURDES G. BAIRD
                                            **United States District Judge**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28